# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARY C. NEAL**                                                                                 **PLAINTIFF**

**NO. 4:17CV195-JMV**

**NANCY BERRYHILL,**
*COMMISSIONER OF SOCIAL SECURITY*                          **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held December 6, 2018, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. Specifically, the ALJ failed to consider the claimant's right hip and/or arthritis impairment at step two of the sequential evaluation process. Nor did the ALJ properly consider this impairment in formulating the claimant's RFC. The ALJ unfairly discounted the claimant's subjective, yet consistent, complaints of right hip and leg pain; her treater's findings of abnormal "joints, bones and muscles" and diagnosis of sciatica; and completely ignored a May 11, 2016 CT report the evidenced arthritis of the spine. Additionally,

the ALJ effectively rejected every medical opinion regarding the claimant's functional capacity, giving only boilerplate reasons or reasons that are not supported by the record. For example, the ALJ rejected Dr. George Smith's physical capacity assessment in part because it was based on a "one-time evaluation," as all CE's are, and because Dr. Smith's opinion of limitation based on the claimant's body habitus was "not supported by the objective x-ray findings of the lumbar spine, knees and hip." As pointed out above, the ALJ failed to even mention the 2016 CT scan that appears to support Dr. Smith's conclusions.

On remand, the ALJ must consider the claimant's right hip and/or arthritis impairment(s), singularly and in combination with her other impairments. The ALJ must enlist the assistance of a medical consultant who will review all of the medical evidence in the file and provide a function-by-function assessment of RFC. The ALJ must properly consider each medical opinion on file along with the medical consultant's new assessment and make a new RFC determination. If the ALJ rejects the opinion of any physician, the ALJ must cite to evidence in the record, as opposed to boilerplate conclusions, to support his conclusions. If necessary, the ALJ must also obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform in view of all of her limitations. The ALJ may conduct any additional proceedings not inconsistent with the court's ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 10th day of December, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE